SUMMARY ORDER
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on April 8, 2008, is AFFIRMED.
New York City Police Officer Thomas Murray appeals from an award of summary judgment in favor of defendants on his Jones Act, unseaworthiness, and general-maritime claims for injuries sustained when he slipped on the stern deck of a private tugboat, the Rachel Marie, that Murray boarded from New York City Police Department Launch 37 in the course of providing assistance to the tug. We review the district court’s grant of summary judgment de novo, see Havey v. Homebound Mortgage, Inc., 547 F.3d 158, 163 (2d Cir.2008), and its evidentiary and discovery rulings for abuse of discretion, see Estate of Landers v. Leavitt, 545 F.3d 98, 113 (2d Cir.2008); In re “Agent Orange” Product Liability Litig., 517 F.3d 76, 102 (2d Cir.2008). In conducting our review, we assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.
1. Grant of Summary Judgment to the City of New York
Because the City of New York does not own the vessel on which Murray slipped, plaintiffs Jones Act and unseaworthiness claims against the City essentially reduce to one theory: that the City inadequately trained Murray to engage in rescue operations such as the one performed for the Rachel Marie. Murray argues on appeal that the district court erred in concluding that (1) his expert evidence supporting this theory would not have been admissible at trial, see Fed.R.Evid. 702; Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); and (2) he did not otherwise adduce sufficient evidence to overcome summary judgment.
*598 We disagree. We review a district court’s decision regarding the admissibility of expert testimony for abuse of discretion. See, e.g., Olin Corp. v. Certain Underwriters at Lloyd’s London, 468 F.3d 120, 138 (2d Cir.2006). The district court’s challenged ruling fell well within its discretion because the expert report at issue based its conclusions on comparisons dissociated from an actionable causation theory. See Fed.R.Evid. 702 (referring to admissibility of expert evidence that will assist determination of “fact in issue”). Murray’s expert sought to establish that (1) the City did not adequately train its employees on how to conduct a commercial rescue and salvage, and, (2) given the inadequacy of that training, the officers should have called the Coast Guard to assist the Rachel Marie. The first of these propositions (on which the second then depended) failed to establish but-for causation. Murray’s injuries were not caused by ignorance of the skills apparently relevant to a commercial salvage operation, such as navigation and piloting, towing, engineering-casualty-control procedures, and use of rescue and survival gear. Murray slipped. No record evidence indicated that this occurrence could have been avoided with the technical training detailed by plaintiffs expert.[3] See generally Miller v. Farrel Lines, Inc., 247 F.2d 508, 506 (2d Cir.1957) (“In a suit under the Jones Act, it is necessary to show that the allegedly negligent act or omission of the defendant caused, in whole or in part, the damage for which recovery is sought.”); Oxley v. City of New York, 923 F.2d 22, 26 (2d Cir.1991) (explaining that plaintiff asserting unseaworthiness claim must prove that “his injuries resulted from the unseaworthy condition of the vessel”).
Because the other evidence Murray introduced did not remedy this causational deficiency, the district court properly awarded summary judgment to the City defendants.
2. Grant of Summary Judgment to the Noil-City Defendants
Murray submits that three issues of disputed material fact precluded an award of summary judgment in favor of the non-City defendants: (1) whether the presence of tug lines and equipment caused Murray to slip; (2) whether the Rachel Mane’s stern deck was adequately lit; and (3) whether the Rachel Mane’s deck was wet due to water improperly pumped from the Rachel Marie itself and not just rain and seawater.
We are not persuaded. Murray testified that he believed the wet floor, “in combination with the lines and the equipment strewn about the stern of the boat,” caused him to slip. But “[a] party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are eonelusory, or based on speculation.” Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 310 (2d Cir.2008) (internal citation omitted). Murray plainly stated that he slipped — not tripped — and, absent further explanation of just how the lines and equipment “combin[ed]” to cause his injury, his quoted testimony is insufficiently detailed to present a genuine issue of material fact. See id.
*599 Murray’s proffered evidence regarding the Rachel Marie’s lighting and the reasons for its wet surface were also insufficient to defeat summary judgment. While Murray stated that it was dark on the Rachel Marie and opined that the Rachel Mane’s lighting was inadequate, he did not testify that he slipped because it was dark or because he otherwise could not see. Absent evidence of a causal link, any dispute regarding the extent of the Rachel Marie’s lighting is immaterial.
Finally, in his Rule 56.1 statement, Murray admitted that the “fantail and deck of TUG RACHEL MARIE were wet due to weather and sea conditions.” Plaintiffs Local Civil Rule 56.1(b) Responsive Statement ¶8 (Aug. 80, 2007). That statement was consistent with the evidence presented on summary judgment, which confirmed that intermittent bursts of heavy rain and winds preceded Murray’s boarding. Nowhere in his Rule 56.1(b) statement or elsewhere before the district court did Murray assert that improper water pumping contributed to his injuries. We will not entertain a new theory on appeal from a grant of summary judgment. See Gurary v. Winehouse, 190 F.3d 37, 44 (2d Cir.1999) (stating that party challenging summary-judgment grant “will not be heard” to advance argument on appeal based on theory not raised below); see also Belgrade v. Pena, 254 F.3d 384, 386 (2d Cir.2001).
For these reasons, the judgment of the district court is AFFIRMED.

. To the extent the expert faulted the City for not training Murray to assess the Rachel Marie's "unsafe condition,” i.e., the "lack of lighting, equipment and lines cluttering the deck, and unstable condition due to water ingress,” the necessary causal link is severed by the fact that Murray never indicated that he failed to appreciate such risks. Indeed, he testified that, when conducting standard inspections of vessels, he routinely directed boats to calmer waters to board them more safely.